UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN CHAMBERLIN,

    Plaintiff,

vs.                                            No.
                                                Hon.

MIRACLE RECREATION EQUIPMENT
COMPANY, a wholly-owned subsidiary of
PLAYPOWER, INC, a foreign corporation;

    Defendant.

_____

## **COMPLAINT AND JURY DEMAND**

Plaintiff, JUSTIN CHAMBERLIN, by and through his attorneys, MUELLER LAW FIRM, by Wolfgang Mueller, hereby complains against the Defendant, MIRACLE RECREATION EQUIPMENT COMPANY, a wholly owned subsidiary of PLAYPOWER INC., a foreign corporation ("MIRACLE EQUIPMENT") in his Complaint, stating unto this Court as follows:

1. Plaintiff was, at all relevant times, a citizen of the State of Michigan, residing in the City of Howell in Livingston County, Michigan.

2. MIRACLE EQUIPMENT, a foreign citizen, is a wholly owned subsidiary of PLAYPOWER INC., a North Carolina corporation. MIRACLE EQUIPMENT's corporate headquarters is located at 878 E. Highway 60, Monett, MO 65708.

3. MIRACLE EQUIPMENT conducts business in the State of Michigan and particularly within the Eastern District of Michigan.

4. Jurisdiction is founded upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, and damages which exceed $75,000.00, exclusive of interest and costs, and the personal jurisdiction over Defendants based on their contacts with the state of Michigan.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant conducts business and, therefore, resides in this District.

## GENERAL ALLEGATIONS

6. Plaintiff is a resident of the Lakeshore Pointe subdivision in Howell and pays dues to the Your Peace of Mind ("YPOM") homeowner's association.

7. MIRACLE EQUIPMENT is a manufacturer of recreational playground equipment, including the Matterhorn 4-way climber involved in the instant litigation.

8. In or about 2016, YPOM purchased a Matterhorn 4-way climber as a piece of recreational equipment for its common area on a beach.

9. MIRACLE EQUIPMENT had the equipment delivered to YPOM's property where it was installed by a third party.

10. On August 21, 2019, Plaintiff and his family, including wife, Kelly, and two young children, were visiting the beach. The children were playing on

various pieces of recreational equipment.

11. Plaintiff walked over to the Matterhorn 4-way climber and attempted to do chin-ups on one of the horizontal bars on the Matterhorn. After doing two chin-ups, he let go of the horizontal bar. As his left hand let go of the bar, his wedding ring got caught on the edge of a loose rivet that was no longer flush to the surface.

12. The gravitational force of Plaintiff's weight pulling down on his ring finger, which was trapped in the rivet, caused his left ring finger to be traumatically amputated at the first joint closest to the knuckle.

13. Plaintiff's children and wife, who were within fifteen feet of him, heard Plaintiff's scream and saw his finger and tendon dangling from the playground equipment. The incident was captured on YPOM surveillance video.

14. Plaintiff fell to the ground in excruciating pain. He and his wife tried to retrieve the finger and tendons that were hanging from the horizontal bar. Finally, Plaintiff was able to reach up and grab his amputated finger and take it to St. Joseph Hospital – Livingston County.

15. Plaintiff was transported, via ambulance, to St. Joseph Hospital – Ann Arbor, where he underwent two surgeries to his left ring finger. The doctors were unable to reattach the finger.

16. As a direct and proximate result of Defendant's negligence and gross

negligence, set forth below, Plaintiff suffered the following injuries and damages:

      a.      Traumatic amputation of the left ring finger at the first knuckle;

      b.      Tremendous pain and suffering;

      c.      Severe emotional distress;

      d.      Mental anguish;

      e.      Significant physical disfigurement and scarring;

      f.      Incurring significant medical expenses.

17. Some, if not most, of Plaintiff's injuries and damages are expected to be permanent.

## COUNT I – NEGLIGENCE OF MIRACLE EQUIPMENT

18. Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

19. At all times relevant to this action and during the time of the design, manufacture, and distribution (collectively the "production") of the subject Matterhorn 4-way climber, MIRACLE EQUIPMENT, as manufacturer, was under a statutory and common law duty to design, manufacture, and test the Matterhorn 4-way climber to eliminate any unreasonable risk of foreseeable injury when the product was being used in its intended and foreseeable manner, as well as foreseeable misuse.

20. At all times prior to the production of the subject Matterhorn 4-way climber, it was foreseeable to Defendant that users of the product would attempt to hang from the horizontal bar, and that a loose rivet was a hazard that posed an unreasonable risk of harm, including lacerations or catching on jewelry, like a wedding ring.

21. At all times prior to the production of the subject Matterhorn 4-way climber, it was foreseeable to Defendant that users of the product would include children and adults playing with children.

22. Despite the duties set forth above, MIRACLE EQUIPMENT was negligent and breached implied warranties in at least the following respects:

   a. Negligently failing to design, develop, test, and manufacture the fasteners for the Matterhorn 4-way climber to eliminate the hazard of a user's finger getting caught on a loose rivet;

   b. Negligently failing to utilize established engineering methodologies, such as Failure Mode and Effects Analyses (FMEA), to identify and eliminate foreseeable hazards associated with the design of the product;

   c. Negligently failing to ensure that the Matterhorn 4-way climber was fit for its intended uses;

   d. Negligently selecting fasteners, i.e., rivets, that would come loose within the product's foreseeable lifetime and pose an unreasonable risk of serious injury to users;

   e. Negligently failing to warn or instruct that the Matterhorn 4-way climber was susceptible to causing

       serious hand injuries in the event of a user's finger getting caught on a loose rivet;

    f.    Other acts of negligence that will be discovered through the course of this litigation.

23.    Technically and economically feasible alternative designs existed in the marketplace as of the time the subject product was manufactured that would have eliminated the risk of this specific injury mechanism and would have prevented Plaintiff's injuries.

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan law. Plaintiff also requests that this court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT II – GROSS NEGLIGENCE OF MIRACLE EQUIPMENT

24.    Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

25.    Based upon information and belief, during the time of the design, manufacture, and distribution of the product, Defendant had actual knowledge, obtained from customers, dealers, and warranty claims, as well as available medical journal articles and recreational equipment industry publications, of prior incidents of loose fasteners, including rivets, causing the same type of injuries as occurred in the instant case.

26.    Given MIRACLE EQUIPMENT'S experience in the playground

equipment industry, it knew to a virtual certainty that a loose rivet could cause injuries similar to those suffered by Plaintiff.

27. Despite such knowledge, Defendant willfully disregarded that knowledge in the production of the product.

28. Defendant's conduct also constitutes "gross negligence," which is defined as *"conduct so reckless as to demonstrate a substantial lack of concern for whether injury results."* MCL 600.2945.

29. Based on Defendant's actual knowledge and gross negligence, MCL 600.2946(4), 600.2946(a), 600.2947(1)-(4), and 600.2948(2), do not apply, pursuant to MCL 600.2949(a).

30. Defendant's conduct was a direct and proximate cause of Plaintiff's injuries and damages, as set forth above.

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan law. Plaintiff also requests that this court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

> MUELLER LAW FIRM
>
> s/Wolfgang Mueller
> WOLFGANG MUELLER (P43728)
> Attorney for Plaintiff
> 41850 W. Eleven Mile Rd., Ste. 101
> Novi, Michigan 48375
> (248) 489-9653
> wolf@wolfmuellerlaw.com

Dated: July 18, 2022

## **JURY DEMAND**

Plaintiff, by and through his attorneys, Mueller Law Firm, demands a jury trial in this matter.

`                MUELLER LAW FIRM

                s/Wolfgang Mueller
                WOLFGANG MUELLER (P43728)
                Attorney for Plaintiff
                41850 W. Eleven Mile Rd., Ste. 101
                Novi, Michigan 48375
                (248) 489-9653
                wolf@wolfmuellerlaw.com

Dated:  July 18, 2022